FILED

Feb 19 2020, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

James D. Johnson
Nathan A. Dewan
Jackson Kelly PLLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Theodore G. Hammond
Law Office of Progressive Group
of Insurance Companies
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shield Global Partners-G1, LLC, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Lindsay Forster, <br> *Appellee-Defendant.* | February 19, 2020 <br><br> Court of Appeals Case No. <br> 19A-CC-1100 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Holly M. Harvey, Judge <br><br> Trial Court Cause No. <br> 53C06-1712-CC-2559 |

**Mathias, Judge.**

[1] Shield Global Partners-G1, LLC ("Shield") appeals the judgment of the Monroe Circuit Court in favor of Lindsay Forster ("Forster") in Shield's negligence action against Forster seeking damages for the inherent diminished value of a motor vehicle damaged in an accident that was Forster's fault. Shield presents two issues for review, which we restate as: (1) whether the trial court

erred as a matter of law by concluding that Indiana does not recognize damages for inherent diminished value; and (2) whether the trial court clearly erred by concluding that Shield did not present evidence sufficient to support its claim for diminished value damages.

We reverse and remand.

## Facts and Procedural History

The historical facts underlying this case are essentially undisputed. On June 15, 2017, Forster was driving a car in Bloomington, Indiana, when she rear-ended a Chevy Silverado pickup truck ("the Truck") driven by Lance Ingersoll ("Ingersoll"). Forster admitted fault for the accident.

The Truck is registered in Ingersoll's name. Ingersoll originally leased the Truck from Hubler Chevrolet. Under the terms of the lease agreement, Ingersoll was to lease the Truck from December 5, 2015 to March 4, 2019. Hubler later assigned the lease to ACAR Leasing LTD ("ACAR"), who holds title to the vehicle. After the accident, GM Financial, who held a security interest in the Truck, assigned to Shield any claims for diminished market value of the Truck as a result of the accident.

Prior to the accident, the Truck was appraised with a fair market value of $36,550, according to the National Automobile Dealers Association ("NADA") Used Car Guide. The Truck was satisfactorily repaired for a cost of $6,852.55. After the accident, Shield, using in-house personnel, appraised the Truck with a fair market value of $32,529.50, again using the NADA Used Car Guide, for a

diminished value of $4,020.45. Shield then sought a second appraisal from Stuart Raskin ("Raskin") of South Florida Auto Appraisers, who estimated an inherent diminished value of $7,400.

[6]     On December 14, 2017, Shield filed a negligence complaint against Forster seeking damages for the diminished value of the Truck. A bench trial was held on February 21, 2019. The trial court entered findings of fact and conclusions of law on May 14, 2019, denying Shield's claim for diminished value of the Truck. In relevant part, the trial court concluded:

>    20.    Plaintiff's claim for "inherent diminished value, lost value and/or accelerated depreciation of the vehicle based on damage history" alone amounts to a claim for "stigma of defect" damage (as confirmed by Plaintiff's demand packet). Indiana law does not recognize *per se* "stigma of defect" damages to personal property which is not permanently damaged.
>
>    21.    The Plaintiff has not presented sufficient evidence to support a conclusion that the repairs to the vehicle did not restore the vehicle to its fair market value before the causative event. The Court is not persuaded by the Plaintiff's expert, who did not inspect the vehicle, review photos of the vehicle, or in any way assess the actual condition of the vehicle as a result of the accident.
>
>    22.    In the absence of evidence to determine the fair market value after repairs, and therefore determine whether the repairs were sufficient to restore the fair market value of the vehicle before the accident, the Court concludes that the cost of repairs to the vehicle in this case is an adequate measure of damages.

23.     The Court concludes that the Plaintiff is not entitled to an
        additional award of damages and orders that Plaintiff take
        nothing by way of its Complaint.

Appellant's App. pp. 12. Shield now appeals.

## Standard of Review

[7]     Our well-settled standard of review in cases where the trial court enters findings of fact and conclusions of law was set forth by this court in *Koch Development Corp. v. Koch* as follows:

> When a trial court enters findings and conclusions, we apply a two-tiered standard of review: we first determine whether the evidence supports the findings; we then determine whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, and we consider only the evidence favorable to the trial court's judgment. We also will not reassess witness credibility. The party appealing the trial court's judgment must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not defer to conclusions of law, which are evaluated *de novo*.

996 N.E.2d 358, 369 (Ind. Ct. App. 2013) (citations and internal quotation marks omitted), *trans. denied*.

## I.  *Damages for Diminished Value*

Shield first argues that the trial court erred as a matter of law by concluding that Indiana does not permit the recovery of inherent diminished value of personal property, what the trial court referred to as "stigma" damages. The parties agree that the applicable law was set forth in the case relied on by the trial court, *Wiese-GMC, Inc. v. Wells*, which summarized the law of damages as follows:

> [T]he fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tort feasor. This reduction in fair market value may be proved in any of three ways, depending on the circumstances. First, it may be proved by evidence of the fair market value before and the fair market value after the causative event. Secondly, it may be proved by evidence of the cost of repair *where repair will restore the personal property to its fair market value before the causative event*. Third, the reduction in fair market value may be proved by a combination of evidence of the cost of repair and evidence of the fair market value before the causative event and the fair market value after repair, *where repair will not restore the item of personal property to its fair market value before the causative event*.

626 N.E.2d 595, 599 (Ind. Ct. App. 1993) (emphases added), *trans. denied*. Although the parties agree that this language controls, they disagree on the precise meaning of this language and how it applies in the present case. This, of course, is a question of law that we review de novo. *See Koch*, 996 N.E.2d at 369.

Shield argues that, under *Wells*, damages for diminished value are recoverable whenever an item of property suffers a decrease in fair market value despite

being fully repaired. Forster argues that there is no diminished value when the property is fully repaired. The trial court concluded that Shield's claim for inherent diminished value, what it referred to as "stigma of defect" damages, is not recognized in Indiana law for property which is not permanently damaged. We believe this misreads *Wells*.

[10] The *Wells* court did not hold that diminished value damages are recoverable only when the property is permanently damaged. Instead, it held that diminished value damages are recoverable when *"repair will not restore the item of personal property to its fair market value before the causative event."* *Wells*, 626 N.E.2d at 599. We read this to mean that, even if the repair restores the property to its previous condition, damages may still be recovered if there is a resulting loss of fair market value to the property as a result of it having been damaged and then repaired.

[11] Our reading of *Wells* comports with the economic reality that property that has been damaged and repaired often has a lesser fair market value than property that was never damaged in the first place. This is especially true in the case of automobiles, where numerous online services, including Carfax, allow anyone to easily check to see if an automobile has been involved in an accident. Automobiles that have been involved in accidents, even if they have been successfully and fully repaired, usually have a diminished value. Indeed, all other things being equal, few if any would prefer a car that has been in an accident, even if fully repaired, to one that has never been in an accident, unless the repaired car was available at a lower price.

[12]     As stated in *Wells*, "the fundamental measure of damages in a situation where an item of personal property is damaged, but not destroyed, is the reduction in fair market value caused by the negligence of the tort feasor." *Id.* The cost of repair is an adequate measure of damages only when the repair restores the property to its fair market value before the damage. *Id.* In cases where the repair will not restore the property to its pre-accident value, the reduction in value may be proved by a combination of evidence of the cost of repair and the difference between the fair market value of the property before and after the accident. *Id.*

[13]     Because the trial court erred regarding the applicable law, we could reverse on this ground alone, as the court viewed the evidence from in incorrect legal perspective. But the trial court, in our opinion, also clearly erred with regard to the evidence of damages submitted by Shield.

## II. *Proof of Diminished Value*

[14]     Shield also argues that the trial court clearly erred by concluding that Shield failed to prove that the repairs to the Truck did not restore the vehicle to its fair market value before the causative event. We agree.

[15]     First, the trial court clearly erred when it found that Raskin, Shield's third-party appraiser, "did not inspect the vehicle, review photos of the vehicle, or in any way assess the actual condition of the vehicle." Appellant's App. p. 12. Raskin's uncontradicted and unchallenged testimony shows that he reviewed several photos of the Truck. He also assessed the condition of the Truck by referring to

the insurance company's repair estimate and two different vehicle history reports, one of which included the Truck's service history and odometer readings. Thus, Raskin based his appraisal of the Truck's fair market value on the vehicle's maintenance records, mileage, repair estimates, and photographs of the Truck.

[16] It is notable that the trial court did not find Raskin's testimony to be uncreditworthy. It instead concluded that Raskin's testimony was not persuasive because he did not personally "inspect the vehicle, review photos of the vehicle, or in any way assess the actual condition of the vehicle as a result of the accident." *Id.* The trial court's conclusion that Raskin did not review photos of the vehicle is clearly erroneous. Nor do we with think that Raskin was required to personally inspect the Truck in order to appraise it. As noted, Raskin reviewed several documents and reports regarding the vehicle in coming to his appraisal conclusion.

[17] Even if the trial court was not persuaded by Raskin's testimony regarding the diminished value of the Truck, its conclusion that there was no evidence regarding the diminished value of the Truck is contrary to its own finding that Shield's in-house appraisal concluded that the Truck had a diminished value of $4,020.50. We therefore conclude that the trial court's factual findings regarding Raskin's appraisal are not supported by the evidence. And the trial court's conclusion that Shield presented no evidence to support its claim of diminished value is unsupported by the trial court's factual findings.

# Conclusion

[18] The trial court erred by concluding that Shield could not recover damages for diminished value because the Truck had been successfully repaired. It then compounded this error by ignoring the uncontroverted evidence that the Truck had a diminished value as a result of being involved in an accident and being repaired. We therefore reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

Kirsch, J., and Bailey, J., concur.